# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
July 13, 2010 Session

## IN RE: GRAND JURY PROCEEDINGS

**Direct Appeal from the Circuit Court of Madison County**
**No. C09-207      Roger A. Page, Judge**

**No. W2009-02364-CCA-R3-CO  - Filed January 14, 2011**

The appellant, Dexter Dodd, appeals the denial of his petition to remove the oath of secrecy with respect to two grand jury proceedings.  Mr. Dodd is pursuing discrimination and tort claims against certain individuals who allegedly instigated these criminal proceedings against him, and he alleges that removal of the traditional grand jury oath of secrecy is necessary for him to effectively pursue these claims.  After careful review, we conclude that the appellant's appeal is not properly before this court, and we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and CAMILLE R. MCMULLEN, JJ., joined.

Jon A. York, Jackson, Tennessee, for the appellant, Dexter Dodd.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record indicates that the appellant in this case works for the United States Postal Service.  At some point in 2008, he was investigated by agents of the United States Postal Service Office of the Inspector General, and a criminal proceeding was initiated by the District Attorney's Office for the 26th Judicial District sometime thereafter.  The appellant was indicted by a Madison County grand jury on a single count of forgery on September 2, 2008, and on five additional counts of theft (in a superseding indictment) on November 3, 2008.  The charges were later dropped, and these indictments were dismissed on February 23, 2009.

Sometime later, the appellant commenced a civil lawsuit against the postal inspectors and employees that allegedly instigated the criminal proceedings against him. In order to further his cause in that lawsuit, the appellant filed a motion in Madison County Circuit Court to remove the traditional oath of secrecy surrounding the grand jury proceedings at issue. A hearing was held on August 10, 2009, at which no proof was taken, and the trial court entered an order denying the motion on October 19, 2009. The appellant filed a notice of appeal. The State moved to transfer the appeal from the Court of Appeals to the Court of Criminal Appeals, claiming that the Court of Appeals lacked jurisdiction to address issues arising out of a criminal case. *See* T.C.A. § 16-5-108(a)(2). The Court of Appeals granted this motion on May 20, 2010, and the appeal now appears before us.

Analysis

Before addressing the appellant's claim on the merits, we must first assure ourselves of jurisdiction and confirm that the issue presented is properly before us. By granting the State's motion to transfer this appeal to our court, the Court of Appeals has indicated its belief that this appeal has been "instituted in reference to or aris[es] out of a criminal case." *See* T.C.A. § 16-5-108(a)(2). We agree and express our appreciation to the Court of Appeals for enforcing this aspect of comity. However, "the fact that we have authority over this case and the constitutional issue raised does not necessarily mean that the [appellant] has properly appealed the case." *State* v. *Phillips*, 968 S.W.2d 874, 877 (Tenn. Crim. App. 1996); *see also State v. Powell*, No. M2008-02510-CCA-R3-CD, 2010 Tenn. Crim. App. Lexis 464, at *7 (Tenn. Ct. Crim. App. at Nashville, Nov. 18, 2009) ("[J]ust because this court has subject matter jurisdiction does not mean that [the appellant] has an appeal as of right in this case.").

Tennessee Rule of Appellate Procedure 3(b) provides:

> **Availability of Appeal as of Right by Defendant in Criminal Actions**. In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37 (b)(2)(i) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and

from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(b).  Here, the indictments against the defendant were dismissed prior to trial.  There has been no judgment of conviction, no plea agreement, and no sentence of any kind.  Nor is this appeal one pertaining to probation, criminal contempt, habeas corpus, extradition, or a post-conviction proceeding.  By its plain terms, Rule 3(b) simply affords the appellant no means by which to appeal the trial court's refusal to lift the grand jury's oath of secrecy.  Similarly, because the criminal proceedings against the appellant have concluded, he cannot avail himself of Tennessee Rules of Appellate Procedure 9 or 10, which permit this court to review interlocutory orders of the district court under certain circumstances.  *See State* v. *Todd*, No. M2006-01940-CCA-R3-CD, 2007 Tenn. Crim. App. Lexis 434, at *4 (Tenn. Ct. Crim. App. at Nashville, May 31, 2007).

Although the traditional rules do not provide an avenue of appeal for someone who seeks to remove the grand jury oath of secrecy after a criminal case has concluded, such an individual is not necessarily barred from seeking appellate review.  Rather, he or she may seek review by means of a petition for certiorari, which may be granted by this court "where an inferior tribunal . . . is acting illegally [and] when, in the judgment of the court, there is no other plain, speedy, or adequate remedy."  *See* T.C.A. § 27-8-101.  The appellant in this case, however, did not choose to seek review of the trial court's decision *via* such a petition.

This court *does* have the inherent authority to treat an improper Rule 3(b) appeal as a petition for certiorari, if doing so serves the interests of justice.  *See State* v. *Leath*, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998).  However, we do not feel compelled by notions of justice to do so in this instance.  Grand juries are sacred institutions, and the oath of secrecy is fundamental to their operation.  Any petitioner carries a heavy burden when attempting to demonstrate that justice requires a court to lift this oath.  In this case, we can discern from the record only the petitioner's vague assertions that the existing secrecy oath may someday interfere with the development of his civil case.  These assertions are simply insufficient to lead us to the conclusion that any injustice was done by the circuit court below.

Conclusion

For the foregoing reason, the appellant's appeal is dismissed as improper.

_____
JOHN EVERETT WILLIAMS, JUDGE

-3-